UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Glinda K. Knight, | ) | C/A No.: 4:12-1797-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | ORDER ON |
| vs. | ) | MOTION TO FILE |
| | ) | DOCUMENTS UNDER SEAL |
| Domtar Paper Company, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter comes before the court on Plaintiff Glinda K. Knight's Motion to Seal, ECF No. 33, in which she seeks to file under seal certain documents that she wishes to use as exhibits to her response to Defendant's Motion to Compel ("Response"). Plaintiff filed her Motion to Seal on March 28, 2012, the same day she filed her Response, ECF No. 32. As set forth in Plaintiff's Motion, she seeks to seal select pages of the transcript of her deposition and records of her meetings with Counselor Joseph Baroody. Mot. Seal 1, ECF No. 33. No one has opposed Plaintiff's Motion. For the reasons set forth herein, the court grants Plaintiff's Motion to Seal.

This court's Local Civil Rule 5.03 sets forth the following requirements regarding a motion to seal:

(A) A party seeking to file documents under seal shall file and serve a "Motion to Seal" accompanied by a memorandum, see Local Civil Rule 7.04, and the attachments set forth below in (B) and (C). The memorandum shall: (1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law. *E.g., Ashcroft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000); *and In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984).

> (B) The motion shall be accompanied by (1) a non-confidential descriptive index of the documents at issue and (2) counsel's certification of compliance with this rule.
> (C) A separately sealed attachment labeled "Confidential Information to be Submitted to Court in Connection with Motion to Seal" shall be submitted with the motion. The sealed attachment shall contain the documents at issue for the Court's in camera review and shall not be filed. The Court's docket shall reflect that the motion and memorandum were filed and were supported by a sealed attachment submitted for in camera review.
> (D) The Clerk shall provide public notice of the Motion to Seal in the manner directed by the Court. Absent direction to the contrary, this may be accomplished by docketing the motion in a manner that discloses its nature as a motion to seal.
> (E) No settlement agreement filed with the Court shall be sealed pursuant to the terms of this Rule.

Local Civ. R. 5.03.

In filing her Motion to Seal, Plaintiff notes and complies with the requirements of Local Rule 5.03. *See* ECF No. 33. As required, Plaintiff submitted to the court for in camera review copies of the documents she seeks to file under seal. Plaintiff indicates she also provided a copy of these documents to Defendant's counsel.

In considering Plaintiff's Motion, the court is guided by *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). In that case, the Fourth Circuit found that "a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" (citing *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The court's discretion notwithstanding, the court cannot ignore the presumption in favor of public access. *Ashcraft*, 218 F.3d at 302. Accordingly, in order to seal documents, the court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

The public-notice requirement has been satisfied by Plaintiff's electronic filing of her Motion, which includes a descriptive, non-confidential description of the documents she seeks to have filed under seal. ECF No. 33 at 1. *See* Local Civ. Rule 5.03(D) (requiring provision of public notice of the motion to seal and finding the docketing of such a motion to satisfy that requirement). Plaintiff filed the motion on March 28, 2013. Defendant had until April 8, 2013 to file any objection to Plaintiff's Motion to Seal, *see* ECF No. 37, but it did not. That time period also provided a sufficient period of public notice of this pending Motion, and no one objected to these documents being sealed.

In conducting its review, the court considered whether less drastic alternatives to sealing the excerpts of Plaintiff's deposition and records of Counselor Baroody exist, but finds no reasonable less drastic alternative available. The documents sought to be filed under seal contain or consist of confidential information, including financial and sensitive information from counseling sessions between Plaintiff and Counselor Baroody and excerpts of Plaintiff's deposition testimony discussing matters of a highly sensitive nature. The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction.

The court finds persuasive the arguments of counsel in favor of sealing the documents and rejecting the alternatives. The court notes that the litigant's interest in nondisclosure of such information outweighs the public's right to access to these documents. *See May v. Medtronic Inc.*, No. CA 6:05-794-HMH, 2006 WL 1328765, *1 (D.S.C. May 15, 2006). The sensitive, personal nature of the information in the documents at issue requires that the documents be sealed.

For the reasons discussed above, the court grants Plaintiff's Motion to Seal, ECF No. 33.

The Clerk of Court is instructed to file these documents under seal.

IT IS SO ORDERED.

April 10, 2013 Kaymani D. West
Florence, South Carolina United States Magistrate Judge