UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Glinda K. Knight, | ) | C/A No. 4:12-1979-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Domtar Paper Company, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on Defendant Domtar Paper Company, LLC's Motion to Compel and/or for Rule 37 Sanctions ("Motion"), ECF No. 29, to which Plaintiff filed a response, ECF No. 32. The court conducted a hearing for April 10, 2013, at which Plaintiff, Plaintiff's counsel, and defense counsel appeared.[1] On April 15, 2013, Defendant submitted the affidavit of its counsel in support of Defendant's claim for attorneys' fees, ECF No. 45. Plaintiff provided her response to that affidavit on April 16, 2013, ECF No. 46. Having considered these filings and the arguments of counsel, the court grants in part and denies in part Defendants' Motion as set forth herein.

I.      Brief Background

Plaintiff, a former technician at a paper mill owned by Defendant, brings this employment case asserting the following Title VII causes of action: sexual harassment—quid pro quo; sexual harassment—hostile work environment; sex discrimination; and retaliation.

---

[1] The court ordered Plaintiff to attend the hearing with her counsel. ECF No. 31. Plaintiff's counsel informed the court that Plaintiff had relocated to Colorado and requested permission for her to attend the hearing by telephone if she was unable to obtain an "affordable plane ticket" so she could attend the hearing in person. *See* ECF No. 34. Although the court granted Plaintiff permission to appear by telephone, ECF No. 35, she appeared at the hearing in person.

*See generally* Compl., ECF No. 1. Plaintiff began working for Defendant in April 2007 and was terminated on November 8, 2011, "allegedly for sleeping on the job." Compl. ¶¶ 13, 38. Plaintiff argues she was terminated because of her attempts to break off a relationship with her "supervisor or co-worker, Joel Oliver." *See* Compl. ¶ 14 (describing Oliver as "supervisor or co-worker"). According to Plaintiff's Complaint, after Plaintiff broke off her relationship with Oliver, he continued going to her house and trying to talk to her at work. *See* Compl. ¶¶ 17-18. In September 2011, Plaintiff obtained an Order of Protection against Oliver from a North Carolina state court, about which she informed Defendant's Human Resources representatives. Compl. ¶¶ 22-26. She claims Oliver was behind her firing. Compl. ¶¶ 28-29. Defendant disputes Plaintiff's claims and filed an answer that includes multiple defenses. ECF No. 5. Defendant brings this Motion asserting Plaintiff has not complied with discovery.

II.     Analysis

In considering discovery matters, the court is mindful that parties in civil litigation generally enjoy broad discovery, as detailed in Federal Rule of Civil Procedure 26(b)(1):

> (b) Discovery Scope and Limits.
> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). "[T]he discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Pursuant to Rule 37 of the Federal Rules of Civil Procedure Defendant moves for the court's order compelling Plaintiff to fully respond to its discovery requests. *See* Fed. R. Civ. P. 37(a)(1) and (a)(3)(B) and (C). Defendant asks the court to deem Plaintiff's prior responses and deposition testimony incomplete pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure, which provides that an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). In addition, Defendant seeks to have sanctions levied against Plaintiff pursuant to Rule 37(d)(1)(A)(ii) and Rule 37(d)(3). Rule 37(d)(1)(A)(ii) provides that the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Rule 37(d)(3) provides that when a party fails to appropriately disclose, answer or respond in discovery, the court may impose any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), including the preclusion of designated matters being introduced into evidence; striking pleadings in whole or in part; staying proceedings; and/or dismissing the action in whole or in part. Rule 37(d)(3) further provides that, in addition to or instead of those sanctions, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Defendant also seeks an award of appropriate expenses of the Motion pursuant to Rule 37(a)(5), which concerns the court's ordering of expenses incurred in conjunction with motions to compel.

In its Motion Defendant catalogues difficulties it has encountered in obtaining information from Plaintiff[2] for purposes of discovering information related to her claim for emotional/mental distress, physical and mental pain and suffering. The court has reviewed these factual details set forth by the parties in their briefs and does not repeat them here. Summarized, Defendant argues Plaintiff was extremely slow to respond to its written discovery requests at all, and that, when she did respond, her responses were deficient and untimely. Defendant also complains that Plaintiff did not provide full, accurate responses to direct questions at her deposition concerning her medical providers and treatment. In an attempt to locate all information about Plaintiff's medical treatment, Defendant engaged in its own investigation to some extent, by sending subpoenas to providers referenced in documents provided by Plaintiff or otherwise obtained. Defense counsel noted at the hearing that Plaintiff's failure to forthrightly identify all providers made it impossible for Defendant to have all discovery to which it is entitled. In other words, Defendant asserts it would be difficult to be satisfied that it had ever obtained all records relevant to Plaintiff's claims and damages and to its defenses.

For example, records subpoenaed from one hospital included a vague reference to a "Dr. Hall" as Plaintiff's "primary care provider." *See* Mot. 4, ECF No. 29. Plaintiff had provided no information regarding a such a provider. When asked about Dr. Hall in her January 9, 2013 deposition, Plaintiff said he had been her primary physician "at one point," but noted she had not sent Defendant any records from him because she only saw him a "couple of times" and he had never diagnosed her or given her prescriptions that she could recall. *Id.* at 4-5 (citing Pl. Dep. 16:56-57:16, ECF No. 29-16). Through other pharmacy

---

[2] Defendant points that its Motion relates to "the acts and omissions of Plaintiff, not Plaintiff's counsel." Def.'s Mot. 1, ECF No. 29.

4

records, however, Defendant determined Plaintiff had visited Dr. Hall's office 18 times since October 31, 2007, and that she had visited Dr. Hall's office on January 4, 2013, five days before her deposition. *See id.* at 10-11. Plaintiff identified Dr. Hall in supplemental discovery responses dated March 15, 2013—the same day Defendant filed its Motion. *See* Pl.'s Resp. 6, ECF No. 32.

Defendant asks that the court enter the sanction of dismissal of Plaintiff's case or, in the alternative, Defendant asks that the court strike Plaintiff's damages claim for "emotional and mental distress, physical and mental pain and suffering, medical counseling expenses, [and] loss of enjoyment of life[,]" and to exclude evidence of such damages at trial. Defs.' Mot. 14-15, ECF No. 29. As another alternative, Defendant seeks the court's order compelling Plaintiff to fully respond without objection to Defendant's Interrogatory #10 and #11, Request for Production #23 and #24, Supplemental Interrogatory #1, and Supplemental Request for Production #1, and warning Plaintiff that future discovery abuse shall result in the imposition of Rule 37 sanctions. Defendant also requests an extension of the remaining deadlines in the case so that Defendant may fully discover the issues raised in its Motion. *Id.* at 15.

Defendant also requests an order reopening the deposition of Plaintiff so that Defendant may inquire about her previously undisclosed medical and prescription history. Additionally, Defendant seeks the court's order permitting the reconvening of the deposition of one of Plaintiff's named fact witnesses, Steve Popowich. As explained at the hearing on this matter, through discovery materials obtained subsequent to Mr. Popowich's deposition, Defendant learned that Plaintiff had previously been romantically involved with him, a former co-worker. Because this case involves issues regarding Plaintiff and her relationship

5

with another former co-worker, Defendant submits it should be permitted to further question Mr. Popowich about information learned through Plaintiff's tardy discovery responses.

Pursuant to Rule 37(a)(4)-(5), (d)(1)(A)(ii), and (d)(3) of the Federal Rules of Civil Procedure, Defendant requests Plaintiff be required to pay all reasonable expenses, including attorneys' fees, caused by Plaintiff's deficient discovery responses, document production, and deposition testimony. In support of this request, counsel for Defendant has provided a detailed affidavit setting forth attorneys' fees and costs sought. *See* ECF No. 45. Defendant also asks that the court require Plaintiff to pay all reasonable expenses, including attorney's fees and court reporter costs, incurred as a result of reopening the depositions of Plaintiff and Mr. Popowich.

Plaintiff responds to Defendants' Motion, explaining that she responded to discovery requests and deposition questions to the best of her ability. In her brief, she includes factual details about what she provided and when. Pl.'s Resp., ECF No. 32. At the hearing, her counsel indicated that Plaintiff provided information she recalled and that she may have not provided some information because she knew Defendant would already be aware of it. In the brief, Plaintiff noted that she and Oliver had jointly attended sessions with a mental health professional that provided detail that made, or should have made Defendant "fully aware of all past facts which arguably could affect Plaintiff's mental or emotional health, including Defendant's wrongful termination from her job." *Id.* at 1, 3-4. She submits that records from that provider "clearly demonstrate that Defendant is fully aware of the past events in Plaintiff's life." *Id.* at 4, n.2. Further, in specific response to Defendant's complaint about not identifying Dr. Hall, Plaintiff's counsel explained that Plaintiff rarely, if ever, saw Dr. Hall; rather, she typically saw another provider in Dr. Hall's practice. In response to Defendant's

6

concern that it could not be satisfied it had obtained all relevant information, Plaintiff's counsel said he had instructed Plaintiff to provide any information that could be responsive and that Plaintiff has done so. Plaintiff submits she has not acted in bad faith and that nothing would support the drastic sanctions of dismissal sought by Defendant. *See* Pl.'s Resp. 10, ECF No. 32. Both in her brief and at the hearing, Plaintiff agreed to submit to a second deposition relating only to medical/counseling records Defendant says it did not have at the time of her first deposition. Pl.'s Resp. 1-2, ECF No. 32. Plaintiff submits Defendant should bear its own costs for any reconvened deposition. Plaintiff further argues she is financially unable to pay any sanction or any fee award.

Having fully considered the parties' filings and arguments, the court grants in part and denies in part Defendant's Motion to Compel and for Sanctions. No later than **May 1, 2013**, Plaintiff is hereby ordered to fully respond to Defendant's Interrogatory #10 and #11, Request for Production #23 and #24, Supplemental Interrogatory #1, and Supplemental Request for Production #1.[3] Also by May 1, 2013, Plaintiff is to provide any additional medical authorization consent forms that may be required for Defendant to obtain her medical information. Plaintiff is reminded her continued duty to comply with the court's orders, to supplement discovery responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, and to fully cooperate with her counsel in providing information. Plaintiff is admonished that future findings that she abused the discovery process or failed to participate in the process in good faith will result in the imposition of Rule 37 sanctions, which could include dismissal of all or part of her case.

---

[3] To the extent Defendant seeks Plaintiff be ordered to fully respond without objection to these discovery requests, that portion of its Motion is denied. Plaintiff must provide all responsive information that is not privileged or otherwise protected; however, Plaintiff may make such responses subject to any good-faith objections.

Further, Defendant is permitted to reconvene Plaintiff's deposition and the deposition of fact witness Popowich for the limited purpose of questions related to information that had not been provided prior to the first depositions of Plaintiff and Mr. Popowich. As Plaintiff now resides in Colorado, she may appear at the continuation of her deposition by telephone. Defendant's request that Plaintiff pay costs and attorneys' fees associated with these depositions is granted only as to the costs of the continued depositions. Each party is to bear its own attorneys' fees.

As indicated during the hearing on this matter, the court does not find the drastic sanction of dismissal of Plaintiff's case to be appropriate. Similarly, the court does not find it appropriate to strike Plaintiff's request for "emotional and mental distress, physical and mental pain and suffering, medical counseling expenses, [and] loss of enjoyment of life[,]" from her Complaint or to determine at this juncture that evidence regarding such damages will necessarily be excluded from any trial. Further, the court finds it would be unjust to require Plaintiff to pay expenses, including attorneys' fees requested pursuant to Rule 37(d)(3).

Additionally, having granted in part and denied in part Plaintiff's Motion to Compel, Rule 37(a)(5) instructs that the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5). Having has considered the affidavit provided by defense counsel setting forth detailed support for Defendant's request for attorneys' fees, ECF No. 45, as well as Plaintiff's responsive filing, ECF No. 46, the court determines not to reapportion expenses related to this Motion other than to require Plaintiff to pay costs of her reconvened deposition and that of Mr. Popowich.

In determining what, if any, Rule 37 sanction is appropriate, the court has considered the following factors set out by the Fourth Circuit Court of Appeals: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte–Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

The court considers Plaintiff's in-person appearance at the hearing, incurring the expense of a nearly cross-country airplane ticket, to demonstrate her good faith and her resolve to comply with her discovery responsibilities. Combined with her counsel's discussion of additional steps Plaintiff has taken to fully comply with Defendant's discovery requests, the court does not find Plaintiff acted in bad faith. Although Defendant has been required to spend more time and resources on discovery, the court's extension of the time to complete discovery and other relief ordered herein minimize any prejudice to Defendant in preparing its dispositive motions and preparing for any trial. Further, the undersigned finds the relief ordered and the admonishment of Plaintiff are sufficient sanctions to effectively deter such a failure to fully respond.

III.    Conclusion

Defendant's Motion to Compel and/or for Sanctions, ECF No. 29 is granted in part and denied in part. No later than **May 1, 2013**, Plaintiff must provide complete responses to Defendant's Interrogatory #10 and #11, Request for Production #23 and #24, Supplemental Interrogatory #1, and Supplemental Request for Production #1. Defendant is entitled to reopen the deposition of Plaintiff and fact witness Popowich by telephone for the limited purposes set forth herein. Plaintiff is to bear the costs of these continued depositions, with

each party bearing its own attorneys' fees. Defendant's Motion is denied as to its request for other sanctions and relief.

       IT IS SO ORDERED.

April 17, 2013                                                    Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge